In this civilian pay case the plaintiff challenges an order of the Federal Aviation Administration (FAA) providing that, in determining the amount of its employees’ overtime pay, overtime of less than 30 minutes per day was to be disregarded. The plaintiff seeks backpay for overtime of less than 30 minutes per day for which he was not paid. The plaintiff has moved for partial summary judgment on the issue of liability, the defendant has cross-moved for summary judgment dismissing the petition, and we heard oral argument. We hold for the defendant.
I
The plaintiff was employed as an air traffic controller from February 1970 until July 1977, when he left that position to become a regional vice president of the controller’s union. His scheduled working day was 8 hours. Under 5 U.S.C. §5542 (1976), he was entitled to be paid time-and-a-half for "hours of work officially ordered or approved in excess of 40 hours in an administrative work week, or . . . in excess of 8 hours in a day.”
In 1967, the FAA had provided that ordered or approved overtime "is credited and paid for in minimum periods of 30 minutes or multiples thereof’ and that overtime work of less than 30 minutes will "not be carried over and accumulated for pay purposes” but will be "dropped on a daily basis.” The plaintiff alleges that during his employment as an air traffic controller, "many times” he performed overtime work for which he received no compensation because such overtime was less than 30 minutes a day. The amount of overtime work for which the plaintiff seeks backpay apparently ranges from 5 to 25 minutes a day.
*655 At oral argument the court requested the defendant to submit a supplemental statement setting forth the FAA’s current practice regarding overtime pay. In that supplemental submission the defendant stated that on July 4, 1976, the FAA began to pay overtime for 6-minute periods and that amounts of less than 6 minutes were dropped on a weekly rather than on a daily basis. The FAA gave as an example of the new practice that if an employee worked 20 minutes overtime one day and 5 minutes overtime another day in the same 40-hour period, the employee would be paid for 24 minutes of overtime and the remaining 1 minute of overtime would be dropped for that 40-hour period. The defendant further stated that on March 24, 1979, the FAA began paying for 1-minute segmente of overtime.
The defendant contends that the 30-minute rule is justified under the principle of de minimis, and that in any event part of the plaintiffs claim is barred by the 6-year statute of limitations in 28 U.S.C. §2501 (1976), and all of it is barred by laches. The plaintiff responds that the de rninimis principle cannot be invoked to justify the 30-minute rule, that no de minimis principle is permissible in determining his overtime pay, and that he is entitled to be paid for every minute of overtime. He further argues that neither the statute of limitations nor laches bars his claim. In view of our disposition of the case, we find it unnecessary to resolve several of these contentions.
II
A. Since July 1976, the FAA has been paying for overtime in 6-minute segments, calculated on a weekly basis. The plaintiff does not assert, and there is no reason to believe, that the plaintiff was not paid for overtime on that basis since that date. The elimination of overtime pay for less than 6 minutes, amounting to only 1.25 percent of time worked at regular pay on a daily basis and to only .25 percent of time worked on a weekly basis, is justified under the de minimis principle.
In Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946), the Supreme Court, in holding that employees were entitled under the Fair Labor Standards Act to be paid for *656 the time they spent at the beginning of the workday in walking from their time clock to their workbenches and for the reverse process at the end of the day, stated that it did not "preclude the application of a de minimis rule where the minimum walking time is such as to be negligible. . . . When the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded.. . . It is only when an employee is required to give up a substantial measure of his time and effort that compensable working time is involved.” 328 U.S. at 692 (emphasis added).
The relatively small amount of overtime for which the plaintiff would not be paid for the period from July 1976 (when the 6-minute rule became effective) to July 1977 (when he stopped working as an air traffic controller) would not be a substantial measure of his time and effort. The 5 minutes of overtime that we treat here as de minimis is substantially less than the 14 minutes of overtime we viewed as de minimis in Crawford v. United States, 169 Ct. Cl. 546, 547, 564-65 (1965), and the 10 to 20 minutes of overtime treated as de minimis in McIntyre v. Joseph E. Seagram & Sons Co., 72 F. Supp. 366, 372 (W.D. Ky. 1947).
B. Part of plaintiffs claim is barred by the statute of limitations. Plaintiffs claim runs from February 1970 onward. His petition was filed April 13, 1978. Our 6-year statute of limitations, therefore, bars his claim for the period before April 13,1972. 28 U.S.C. § 2501 (1976).
G. The balance of the plaintiffs claim for overtime, covering the period from April 13, 1972 to July 1976, is barred by laches. The plaintiff, who stated in an affidavit that "[bjecause of my long-term employment with FAA, and because of my union work which involves representing controllers, I am thoroughly familiar with the pay policies and practices of the FAA,” must have been aware from the outset of his employment that the FAA was disregarding periods of less than 30 minutes a day in calculating his overtime pay. The first time plaintiff challenged this practice, however, was when he filed this suit on April 13, 1978, more than 8 years after he began working as an air traffic controller. The plaintiff has offered no explanation *657 or justification for his failure timely to inform the FAA of his claim that the 30-minute rule was invalid.
The plaintiffs delay in raising his claim prejudices the government in two respects: First, a number of the time and attendance card records of the plaintiff apparently have been routinely destroyed as a result of the passage of time, in accordance with FAA directives.[1] The lack of these records, which the government could have preserved if the plaintiff promptly had made his claim to the FAA, would seriously prejudice the government in defending this suit. Second, if the plaintiff promptly had made a claim, the FAA might have been able to change the controllers’ working arrangements and the calculation of overtime pay, so as to avoid or minimize the amount of overtime pay that the plaintiff now seeks.
In Murphy v. United States, 222 Ct. Cl. 559 (1980), we recently relied on substantially the same factors of unjustified delay and prejudice to the government in holding that laches was an alternative ground for dismissing a petition seeking overtime pay. Although we have been reluctant to apply laches to claims for overtime pay because the government generally cannot show that the plaintiffs delay in bringing suit prejudiced it (see Detling v. United States, 193 Ct. Cl. 125, 131-32, 432 F.2d 462, 465-66 (1970)), Murphy indicates that the doctrine is properly applied when prejudice is established. In the present case, as in Murphy, the government has shown prejudice, and laches therefore bars the portion of the plaintiffs suit that seeks backpay prior to 1976.
*658 Conclusion
The plaintiffs motion for partial summary judgment is denied, the defendant’s motion for summary judgment is granted, and the petition is dismissed.

 The defendant submitted an affidavit from the chief of the control tower at which the plaintiff worked from 1970 to 1974 (when he was transferred to another facility), which stated that "the applicable guidelines and destruction standards covering attendance and leave records are found in FAA Order 1350.15A and its predecessor publications. To the best of my knowledge and in accordance with those documents, the FAA forms reflecting Mr. Brandon’s sign on and off times were destroyed when they became one year old.” The pertinent provision of that order (section 2726(3)) states, however, that time and attendance documents are to be "[d]estroy[ed] two years after GAO audit.” Whatever the precise facts may be with regard to the records of the overtime the plaintiff worked between February 1970 and July 1976, a substantial portion of them undoubtedly had been properly destroyed when the plaintiff filed this suit in April 1978.